### COUNTY OF LYON *vs.* COUNTY OF MURRAY.

#### June 21, 1882.

Care of the Poor—Residence of Pauper.—To maintain an action by one county against another, under Gen. St. 1878, *c.* 15, § 15, for expenditures made in and about the support and relief of a sick and infirm poor person, such person must have had at the time a legal settlement in the defendant county. To have gained such legal settlement, the person must have resided one year continuously in such county. Gen. St. 1878, *c.* 15, § 4.

Plaintiff brought this action in the district court for Murray county to recover moneys expended for the support of a sick pauper, alleged to be a resident within the defendant county. A jury was waived, and the action was submitted to the court, *Severance, J.,* presiding,

on an agreed statement of facts. Judgment was ordered and entered for defendant, and plaintiff appeals.

*A. C. Forbes*, for appellant.

*B. H. Whitney*, for respondent.

MITCHELL, J. This action is brought to recover from defendant, under the provisions of Gen. St. 1878, *c.* 15, § 15, moneys expended by the plaintiff about the support and relief of a pauper, alleged to have a legal settlement in the defendant county, but who was within the plaintiff county, and in need of immediate relief, but so sick and infirm as to render it unsafe to remove him. The only question in the case is whether, at the time this relief was granted, the pauper had "a legal residence and settlement" in Murray county, within the meaning of Gen. St. 1878, *c.* 15, relating to the relief of the poor; for, if he had not, defendant would not be liable.

What constitutes a "legal residence and settlement," or "legal settlement," within the meaning of the chapter, is fixed and defined by section 4 as follows: "Any person other than those hereinafter provided for, who has resided in any county of this state one year continuously, shall, for the purposes of this chapter, be deemed to have gained a legal residence and settlement in such county." The persons thereinafter provided for are indented servants and apprentices, married women, and minors, to none of which classes did the pauper in question belong. According to the agreed facts in this case, this pauper had only resided in Murray county nine months, and hence had not gained a legal residence and settlement in that county, within the meaning of the statute referred to. Such being the case, Murray county was not liable, under the terms of section 15, for expenditures and disbursements made by plaintiff for his support and relief.

Judgment affirmed.